COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS,
Daniel McCauley, claimant.

If a police court, under the St. of 1869, c. 415, §§ 44, 48, 56, has ordered the seizure of intoxicating liquors which are found to be more than twenty dollars in value, and has issued notice to the claimant returnable to the Superior Court, it may transmit to that court copies of the complaint and search warrant instead of the originals.

The St. of 1865, c. 249, providing for the appointment of state constables, is not in violation of the nineteenth amendment to the Constitution, which requ·es that sheriffs shall be elected by the people.

COMPLAINT under the St. of 1869, *c.* 415, § 44, to the Police Court of the city of Springfield against McCauley, praying for a warrant to search his storehouse for intoxicating liquors; the warrant was issued; it was served by Harvey H. Billings, a deputy state constable; liquor was seized thereon; and the Police Court, being of opinion that the liquor seized exceeded twenty dollars in value, issued a notice to McCauley, under §§ 48, 56, returnable to the Superior Court, and transmitted copies of the complaint and warrant to that court.

At the trial in the Superior Court, before *Lord*, J., McCauley appeared as claimant, and moved " to quash and dismiss the proceedings, complaint and warrant, because the same are copies and not the original complaint and warrant," and also because no service had been made by any properly authorized person; but the judge overruled the motion, the jury returned a verdict against the claimant, and he alleged exceptions.

*G. M. Stearns & M. P. Knowlton*, for the claimant.

*C. R. Train*, Attorney General, for the Commonwealth.

CHAPMAN, C. J. 1. The prosecution was commenced by a complaint made to the Police Court of Springfield under the St. of 1869, *c.* 415, §§ 44, 48, and the warrant was returned there. The value of the liquors seized was found to be over $20, and the case was sent to the Superior Court under § 56. It is objected that copies of the complaint and warrant were sent, and not the originals. But in the absence of any statute provision on this point, a proper course was for the Police Court to send copies

Commonwealth *v.* Intoxicating Liquors.

for the original complaint and warrant being on its files, might properly remain there as evidence of its proceedings.*

2. The second ground is because no service has been made by any properly authorized person. The service was made by a deputy constable of the Commonwealth, and the claimant contends that the St. of 1865, *c.* 249, establishing a state police, is unconstitutional. Article 19 of the amendments of the Constitution provides that the Legislature shall prescribe, by general laws, for the election of sheriffs, and provision has been made for such election. The Governor cannot appoint them. But the act to establish a state police provides that the Governor shall appoint the state constable, who may appoint deputies, and it is contended that his office confers upon him the powers of a sheriff. These powers of the constable and his deputies are defined in § 2. They are " all the common law and statutory powers of consta-

---

* A similar decision upon this point was made at November term 1873, in Essex, in the precisely similar case of

COMMONWEALTH *vs.* CERTAIN INTOXICATING LIQUORS, John J. McDermott, claimant.

BY THE COURT. The Police Court of Gloucester, to which this complaint was presented, had jurisdiction thereof so far as to ascertain whether there was probable cause to believe it to be true, and, upon being satisfied of that fact, to issue a search warrant, and, on the return of that warrant, to determine whether the value of the liquors seized, with the vessels containing them, did or did not exceed twenty dollars, and, according to its finding upon this question, to issue a notice returnable before itself or before the Superior Court. St. 1869, *c.* 415, §§ 44, 48, 56. If the Police Court is of opinion that such value exceeds twenty dollars, and thereupon makes such notice returnable before the Superior Court, the statute makes no provision for sending up the original papers. They may therefore properly remain in the Police Court, and copies be transmitted to the Superior Court, as in other criminal cases. Gen. Sts. *c.* 173, § 3. *Commonwealth* v. *Intoxicating Liquors, supra. Kennedy* v. *Shea, ante,* 152.

There is no analogy in this respect between cases like the present and indictments for murder. The court into which such an indictment is returned has no jurisdiction to determine any question whatever, and its clerk is expressly required by statute to transmit the indictment to this court. Gen. Sts. *c.* 171, §§ 22, 23. St. 1869, *c.* 433, §§ 1, 2.                    *Exceptions overruled*

*C. P. Thompson,* for the claimant.

*C. R. Train,* Attorney General, for the Commonwealth.

bles, except the service of civil process, and also all the powers given to the police or watchmen by the statutes of the Commonwealth, or the charters or ordinances of the several cities, concurrently with such officers, and their powers as constables shall extend throughout the Commonwealth." Their other duties are " to obey all orders of the Governor in relation to the preservation of the public peace, or the execution of the laws," " to see that the laws of the Commonwealth are observed and enforced," " and to repress and prevent crime, by the suppression of liquor shops, gambling-houses and houses of ill fame." The office of constable is very ancient, and has been invested with a much greater variety of powers than those conferred upon the state constables. The extension of the few powers of the latter throughout the Commonwealth creates no additional interference with the jurisdiction or powers of the sheriffs. And we see no ground to consider the law which creates the office of state constable as an evasion of the constitutional provision relative to the office of sheriff. *Dearborn* v. *Ames*, 8 Gray, 1.

*Exceptions overruled.*